```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
MY INVESTMENTS LLC, LAKSHMI, LLC,            :
PINNACLE LODGING, LLC, HAMMOND               :
LODGING, LLC, GONZALES LODGING, LLC,         :
GONZALES HOME 2 LODGING, LLC,                :
LAKSHMI HOSPITALITY, LLC, LAKSHMI OF         :    23-CV-4229 (VEC)
COVINGTON, LLC, and HOLIDAY INN              :
COVINGTON, LLC,                              :    OPINION & ORDER
                                 Plaintiffs, :
                                             :
              -against-                      :
                                             :
STARR SURPLUS LINES INSURANCE                :
COMPANY,                                     :
                                             :
                                 Defendant.  :
-------------------------------------------------------------- X
```

VALERIE CAPRONI, United States District Judge:

This insurance coverage action has a choice of law dispute at its core. Plaintiffs sued Defendant for failing to cover hurricane damage sustained by certain hotels in Louisiana owned by Plaintiffs. Plaintiffs moved for partial summary judgment, asking this Court to conclude that Louisiana law governs the dispute. Plaintiffs' Memorandum of Law in Support of Motion for Partial Summary Judgment ("Pl. Mem."), Dkt. 75. Defendant opposed the motion, arguing that New York law applies. Defendant's Memorandum of Law in Opposition to Motion for Partial Summary Judgment, Dkt. 80. For the following reasons, Plaintiffs' motion for partial summary judgment is DENIED. New York law governs this dispute.

## BACKGROUND

Plaintiff MY Investments, LLC is comprised of members domiciled in Louisiana. Rule 56.1 Statement, Counterstatement, and Statement of Additional Material Facts ("Rule 56.1 Stmnt."), Dkt. 79, ¶ 1. At all relevant times, MY Investments held a surplus lines insurance policy ("the Policy") from Defendant Starr Surplus Lines Insurance Co. ("Starr") that covered

eight hotels, each of which was located in Louisiana. The owners of the hotels, Lakshmi, LLC, Pinnacle Lodging, LLC, Hammond Lodging, LLC, Gonzales Lodging, LLC, Gonzales Home 2 Lodging, LLC Laskhmi of Covington, LLC, Lakshmi Hospitality, LLC, and Holiday Inn Covington, LLC (collectively, the "Lakshmi Plaintiffs"), are comprised of members from various states and are also Plaintiffs in this action. *Id*. ¶¶ 3, 5; Rule 56.1 Stmnt. Ex. 6, Dkt. 79-6, at 2–3.

The Policy contained a choice of law and choice of forum clause, which provided in relevant part:

> [Starr] agrees that any suit, action, or proceeding against it for recovery of any claim under this POLICY shall not be barred if commenced within the time prescribed in the statutes of the State of New York. Any suit, action or proceeding against [Starr] must be brought solely and exclusively in New York state court or a federal district court sitting within the State of New York. The laws of the State of New York shall solely and exclusively be used and applied in any such suit, action, or proceeding, without regard to choice of law or conflict of law principles.

Rule 56.1 Stmnt. ¶ 26.

Plaintiffs claim that their hotels suffered millions of dollars in property damage when Hurricane Ida hit Louisiana in August 2021. *Id*. ¶¶ 18–20. Accusing Starr of failing to cover the full extent of storm-related damages required under the Policy, MY Investments filed suit in the U.S. District Court for the Eastern District of Louisiana, alleging claims for breach of contract and bad faith. *Id*. ¶¶ 22–23; Complaint, Dkt. 1. Starr successfully moved to transfer the action to this District. *See* Order and Reasons Granting Motion to Transfer, Dkt. 30.

Finding the question of whether New York or Louisiana law would govern their dispute to be "central" to this action, the parties moved to allow MY Investments to file a motion for partial summary judgment "focusing purely on the legal question of choice of law." *See* Memo Endorsement on August 4, 2023, Joint Letter, Dkt. 53, at 1. The Court granted the motion. *Id*.

at 2. Shortly after the original motion was fully briefed, the Lakshmi Plaintiffs filed a separate action in this District, which the Court consolidated with this case. *See* Order Granting Motion to Consolidate Cases, Dkt. 65; *Lakshmi, LLC et al. v. Starr Surplus Lines Insurance Company*, 23-CV-7636 (S.D.N.Y.), Dkt. 13. Following consolidation, the Court terminated MY Investments's original motion, *see* Memo Endorsement on March 15, 2024, Letter, Dkt. 73, and MY Investments and the Lakshmi Plaintiffs jointly filed this Motion for Partial Summary Judgment, *see* Dkt. 74.

## DISCUSSION

The sole issue before the Court is whether New York or Louisiana law applies to this dispute. "When a federal district court sits in diversity, it generally applies the law of the state in which it sits, including that state's choice of law rules." *In re Coudert Bros. LLP*, 673 F.3d 180, 186 (2d Cir. 2012); *see also Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). This rule remains true in cases, like this one, that are transferred from a court in one state to a court in another pursuant to a valid forum selection clause. *See Atl. Marine Construction Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 64–65 (2013).

Under New York law, choice-of-law disputes are generally resolved using a conflict of laws analysis. *See Int'l Bus. Machines Corp. v. Liberty Mut. Ins. Co.*, 363 F.3d 137, 143–44 (2d Cir. 2004). In contract cases where the parties disagree as to which state's law applies and there is a substantive conflict between the states' laws, New York courts engage in a "center of gravity" or "grouping of contacts" analysis. *Matter of Allstate Ins. Co. (Stolarz)*, 81 N.Y.2d 219, 226 (1993). This approach applies the law of the state with the most significant contacts that gave rise to the dispute, considering factors such as "the place of contracting, negotiation and performance; the location of the subject matter of the contract; and the domicile of the contracting parties." *Id.* at 227 (citing Restatement (Second) of Conflict of Laws § 1888).

3

Here, however, the typical conflict of laws analysis is unnecessary for two independent reasons. First, "[t]he need for a conflict-of-laws analysis is obviated" in contract disputes where "there is an express choice of New York law in the contract pursuant to General Obligations Law § 5–1401." *IRB-Brasil Resseguros, S.A. v. Inepar Invs., S.A.*, 20 N.Y.3d 310, 312 (2012). Under that statute, "[t]he parties to any contract, agreement or undertaking" involving a transaction worth more than $250,000 "may agree that the law of this state shall govern their rights and duties in whole or in part, whether or not such contract, agreement or undertaking bears a reasonable relation to this state." N.Y. Gen. Oblig. Law § 5-1401(1); *see also Indian Harbor Ins. Co. v. City of San Diego*, 972 F. Supp. 2d 634, 651 (S.D.N.Y. 2013), *aff'd*, 586 F. App'x 726 (2d Cir. 2014) (applying § 5-1401 to an insurance policy). It is undisputed that the Policy cost more than $250,000 and insures property worth more than $250,000, meaning that § 5–1401 applies. *See* Rule 56.1 Stmnt. ¶ 34;[1] Declaration of Hannah (Elizabeth) Trott ("Trott. Decl."), Dkt. 81, ¶ 9; Trott Decl. Ex. E, Dkt. 81-5. And because the Policy specifies that "the laws of the state of New York shall solely and exclusively be used and applied" in any lawsuit by an insured against Starr, "without regard to choice of law or conflict of law principles," § 5–1401 requires that New York law be applied irrespective of choice of law considerations. Rule 56.1 Stmnt. ¶ 26.

Second, New York Court of Appeals precedent requires the application of New York law. In *Ministers & Missionaries Benefits Board v. Snow*, the Court of Appeals held that "New York courts should not engage in any conflicts analysis where the parties include a choice-of-law provision in their contract, even if the contract is one that does not fall within General Obligations Law § 5–1401." 26 N.Y.3d 466, 474 (2015). Failure to do so, the Court of Appeals

---

[1] Because Plaintiffs failed to respond to Starr's Statement of Additional Material Facts, those facts are undisputed. *See* Local Civ. Rule 56.1(c).

reasoned, "would contravene the primary purpose of including a choice-of-law provision in a contract—namely, to avoid a conflict-of-laws analysis" and would "interfere with, and ignore, the parties' intent, contrary to the basic tenets of contract interpretation." *Id*. at 475. Courts in this District have recognized that "[t]he language of *Ministers* is unequivocal and brooks no exceptions: 'a New York choice-of-law clause in a contract . . . demonstrates the parties' intent that courts not conduct a conflict of laws analysis,' and 'obviates the application of both common-law conflict-of-laws principles and statutory choice-of-law directives . . . .'" *Mindspirit, LLC v. Evalueserve Ltd.*, 346 F. Supp. 3d 552, 583 (S.D.N.Y. 2018) (quoting *Ministers*, 26 N.Y. 3d at 468); *see also Willis Re Inc. v. Herriott*, 550 F. Supp. 3d 68, 92 (S.D.N.Y. 2021) (collecting cases); *Berkley Assurance Co. v. MacDonald-Miller Facility Sols., Inc.*, No. 19-CV-7627, 2020 WL 1643866, at *2 (S.D.N.Y. Apr. 1, 2020) (proposition that a court should "engage in a conflict of laws analysis despite the parties' plainly expressed desire to apply New York law . . . strains credulity and blinks common sense") (internal quotation marks omitted).

Plaintiffs' argument that Louisiana law should apply hinges entirely on a provision in the Louisiana Insurance Code that voids choice of law provisions such as the one in the Policy. The Louisiana statute provides, in relevant part, "No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state . . . shall contain any condition, stipulation, or agreement . . . [r]equiring it to be construed according to the laws of any other state or country . . . ." La. Stat. Ann. § 22:868(A)(1)(a). The statute further provides, "Any such condition, stipulation, or agreement in violation of this Section shall be void, but such voiding shall not affect the validity of the other provisions of the contract." La. Stat. Ann. § 22:868(C).

Plaintiffs reason that because § 22:868(C) of the Louisiana Insurance Code renders the Policy's New York choice of law clause void *ab initio*, the clause "should be treated as though it never existed." Pl. Mem. at 20. And although Plaintiffs concede that New York choice of law rules apply to this dispute, *id*. at 21, they contend that Louisiana law "governed the *formation* of the Policy." Plaintiffs' Reply Memorandum in Support of Motion for Partial Summary Judgment, Dkt. 84, at 4 (emphasis in original). Because the choice of law clause "was voided by Louisiana law from the moment of the Policy's inception," Plaintiffs argue that the clause cannot be "revived by New York law only because the policyholder files a lawsuit more than a year after the Policy's inception." *Id*.

The distinction Plaintiffs attempt to draw between interpretation at the contract formation stage, on one hand, and interpretation at the point of a lawsuit, on the other, finds no support in law. "[T]he question of whether a . . . clause is *void ab initio* is an interpretive dispute about the correct construction of the [insurance] policy" that, like all questions of contractual interpretation, must be decided in accordance with law. *N. Am. Elite Ins. Co. v. Space Needle, LLC*, 200 A.D.3d 425, 427 (1st Dep't 2021); *see also Berkley Assurance Co. v. MacDonald-Miller Facility Sols., Inc.*, No. 19-CV-7627, 2019 WL 6841419, at *5 (S.D.N.Y. Dec. 16, 2019) (question of whether a clause is void *ab initio* is "an *interpretive* dispute about the correct construction of the insurance policy" to be adjudicated pursuant to "the body of law selected by the contracting parties"). It is not, as Plaintiffs seem to suggest, a question that must be resolved separately from all other issues of interpretation and without reference to applicable choice-of-law rules. Because New York choice-of-law principles apply, and because "the courts of New York . . . refuse[] to consider the public policy of foreign states . . . to overturn an otherwise valid contractual choice of law provision," § 22:868(C) of the Louisiana Insurance Code is irrelevant; the Policy's choice-of-law clause was not void *ab initio*. *Capstone Logistics Holdings, Inc. v.*

6

*Navarrete*, No. 17-CV-4819, 2018 WL 6786338 (S.D.N.Y. Oct. 25, 2018), *aff'd in part and remanded in part*, 796 F. App'x 55 (2d Cir. 2020) (emphasis omitted).

Multiple recent cases in this District have relied on § 5–1401 and *Ministers* to reach the same conclusion: a New York choice of law clause in an insurance policy must be enforced notwithstanding a statute in the insured's home state voiding such clauses.  *See Ram Krishana, Inc. v. Mt. Hawley Ins. Co.*, No. 22-CV-03803, 2024 WL 1657763, at *4–*5 (S.D.N.Y. Apr. 17, 2024) (*Ministers* requires enforcement of New York choice of law agreement and obviates the need for a choice-of-law analysis, notwithstanding Louisiana insureds' invocation of La. Stat. Ann. § 22:868); *HKB Hosp. LLC v. Mt. Hawley Ins. Co.*, No. 23-CV-372, 2024 WL 4349508, at *2 (S.D.N.Y. Sept. 30, 2024) ("Under both Section 5–1401 and *Ministers*, the Policy's choice-of-law clause must be honored" despite Texas's equivalent to La. Stat. Ann. § 22:868); *CBKZZ Inv. LLC v. Renaissance Re Syndicate 1458 Lloyds*, No. 22-CV-10672, 2024 WL 728890, at *2 (S.D.N.Y. Feb. 22, 2024) ("CBKZZ argues that the provision is unenforceable because applying New York law would violate Texas insurance law, which applies because the policy was solicited, negotiated, and delivered in Texas.  But this Court sits in New York and so applies New York's choice-of-law rules.  And the controlling New York rule is that the Court may not conduct the type of choice-of-law analysis that CBKZZ is proposing when the parties have selected New York law in their contract.") (citations omitted).[2]  This Court follows suit and concludes, in light of § 5–1401 and *Ministers*, that New York law governs the dispute.

---

[2]   In *Louisiana Revitalization Fund LLC v. Starr Surplus Lines Insurance Co.*, a case involving another Louisiana policyholder's challenge to the same choice of law provision at issue here, Magistrate Judge Figueredo recommended in a Report and Recommendation ("R&R") that the Court apply New York law. No. 23-CV-1006, 2024 WL 1337617, at *6–*8 (S.D.N.Y. Mar. 27, 2024).  Although that case settled before the district judge decided whether to adopt the R&R, the Court acknowledges its persuasive reasoning.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Partial Summary Judgment is DENIED. The Clerk of the Court is respectfully directed to close the open motion at Dkt. 74.

The parties are directed to meet and confer regarding next steps in this case, and to submit a joint letter, not later than **December 4, 2024**, advising the Court of their proposal for resolving the case. To the extent the parties believe it would be productive, the Court is happy to refer them to Magistrate Judge Wang, their assigned Magistrate Judge, for a settlement conference.

**SO ORDERED.**

Date:  November 20, 2024
       New York, New York

                                            **VALERIE CAPRONI**
                                            United States District Judge